**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4042**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

DAVID LEE DRAYTON, a/k/a Diamond,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:94-cr-00126-MOC-7)

_____

Submitted:  December 28, 2015        Decided:  January 6, 2016

_____

Before KING, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Drayton appeals the district court's judgment revoking his supervised release and sentencing him to a term of 51 months' imprisonment. We affirm.

We review a district court's judgment revoking supervised release for abuse of discretion, and its factual findings for clear error. United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015), cert. denied, __ S. Ct. __, 2015 WL 5937870 (U.S. Nov. 9, 2015) (No. 15-6499); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); Copley, 978 F.2d at 831. "[A] preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted).

Drayton admitted at the hearing that he violated the terms of his supervised release by engaging in the cocaine transaction charged in the violation petition. He asserts, however, that the district court erred in rejecting his entrapment defense. The defense of entrapment "has two elements: (1) government inducement of the crime and (2) the defendant's lack of predisposition to engage in the criminal conduct." United

2

States v. Ramos, 462 F.3d 329, 334 (4th Cir. 2006).  The defense uses a burden-shifting scheme, where the defendant bears the "initial burden of presenting evidence that the government induced him to commit the crime."  United States v. Jones, 976 F.2d 176, 179 (4th Cir. 1992).  Once the defendant has done so, the burden shifts to the government to establish the defendant's predisposition.  Id.  Thus, even if the government did induce a defendant to commit a crime, the defense of entrapment fails if the government can prove predisposition.  United States v. Squillacote, 221 F.3d 542, 569 (4th Cir. 2000).

Assuming Drayton showed that he was induced to participate in the cocaine transaction with an undercover agent, the district court did not clearly err in finding that the government met its burden of demonstrating predisposition.  Drayton was recently on supervised release for a cocaine conspiracy conviction at the time he sold cocaine to an undercover agent.  Further, the circumstances of the violation, in which Drayton entered the agent's car on his own initiative without the confidential informant, discussed pricing, and offered to sell the agent even more cocaine, show that the decision by Drayton to commit the offense was his own preference and not the product of government persuasion.  See United States v. Osborne, 935 F.2d 32, 38 (4th Cir. 1991).

3

Next, Drayton contends that the court improperly admitted the agent's testimony about jail call statements made by Drayton and another individual, and failed to conduct the requisite balancing test under Fed. R. Crim. P. 32.1. The decision to admit hearsay evidence at a revocation hearing is reviewed for abuse of discretion. United States v. Doswell, 670 F.3d 526, 529 (4th Cir. 2012). Evidentiary rulings are subject to harmless error review. United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010). In reviewing the admission of hearsay in a revocation hearing, "the proper harmlessness test must ensure that the error had no substantial and injurious effect or influence on the outcome, not whether the error was harmless beyond a reasonable doubt." United States v. Ferguson, 752 F.3d 613, 618 (4th Cir. 2014) (internal quotation marks omitted).

Upon our review, we find that assuming the statements in question to be hearsay, their admission constitutes harmless error. Drayton admitted that the charged violation conduct took place, and as noted above, there was ample other evidence showing predisposition. Thus even without the challenged testimony describing the jail call statements, the evidence supported the court's rejection of Drayton's entrapment defense and its finding that he violated the terms of his supervised release.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED